# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL LEE WILSON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 00-CV-0147-CVE-FHM |
| | ) |
| **RANDALL G. WORKMAN, Warden** | ) |
| **of the Oklahoma State Penitentiary,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is respondent's motion in limine (Dkt. # 73) to disallow certain expert testimony at the evidentiary hearing scheduled to begin on July 28, 2010. Petitioner responded (Dkt. # 74).[1] For the reasons stated below, the Court finds the motion should be granted.

Respondent advises that on Thursday, July 22, 2010, he was notified by email from petitioner's attorney, Lanita Henricksen, that petitioner intends to call Mary Bane, a criminal defense attorney, as an expert witness at the evidentiary hearing. According to the email, Ms. Bane is expected to testify regarding standards for effective representation and the American Bar Association (ABA) standards for representation of capital murder defendants. On Friday, July 23, 2010, attorney Henricksen sent a follow-up email advising that Ms. Bane had not generated a written report, but would offer expert testimony about "what should be done" and "what should have been done" in Wilson's case. Dkt. # 73 at 2. Respondent states that, although he has had several informal

---

[1] The motion was filed two days before the evidentiary hearing. When no response had been received from petitioner's counsel by noon on the day preceding the hearing, the Court directed counsel to file a response within an hour. Counsel complains that an hour is insufficient time to respond. However, petitioner's counsel had the same amount of time as the undersigned to review the motion and the authorities relevant thereto. Further, no research is necessary to know the procedural requirements under Fed. R. Civ. P. 26.

communications with attorney Henricksen since the status conference held on February 5, 2010, he first learned of potential witness Mary Bane on July 22, 2010.  Respondent asserts this late notice does not comport with the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure.  Counsel for petitioner states that they "tendered Ms. Bane for purposes of an interview, in person or telephonic, which was declined."  Dkt. # 74, at 2.

Rule 12 of the Rules Governing Section 2254 Cases states that, to the extent they are not inconsistent with any statutory provisions or the habeas corpus rules, the Federal Rules of Civil Procedure may be applied.  Federal Rule of Civil Procedure 26(a)(2) addresses expert witness discovery.  A party must disclose the identity of its expert witness, Fed. R. Civ. P. 26(a)(2)(A), and provide a written expert report that includes:

> (i)    a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii)   the data or other information considered by the witness in forming them;
> (iii)  any exhibits that will be used to summarize or support them;
> (iv)   the witness's qualification, including a list of all publications authored in the previous 10 years;
> (v)    a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi)   a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).  Further, Rule 37(c)(1) provides that if a party fails to disclose information required by Rule 26(a) without substantial justification, such party shall not, unless the failure is harmless, be permitted to use the witness to supply evidence at a hearing.  See Fed. R. Civ. P. 37(c)(1).  "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (quoting Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996)).

In this case, the Court finds that petitioner's failure to satisfy the requirements of Rule 26(a)(2) is not justified. The late, informal notice to respondent, without a Rule 26 written report, advising that Ms. Bane would be presented as an expert witness deprived respondent of a fair opportunity to depose or conduct other discovery regarding her proposed testimony. The offer of a telephonic interview with Ms. Bane is entirely insufficient.

Further, to the extent petitioner intended for Ms. Bane to testify regarding standards for effective representation and the ABA standards, the Court finds such testimony wholly unnecessary. As noted in Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002), the Court is "eminently suited to determine the essentially legal" questions regarding the standards used to analyze the ineffective assistance of counsel issue. The fact that "Ms. Bane has extensive experience in handling capital murder cases," Dkt. # 74, at 2, does not make her testimony any more suitable. The Court is fully able to apply the relevant legal standards, and finds that any potential testimony by Ms. Bane about what she would have done is not relevant to the issues before the Court.

Finally, the mere fact that the Court authorized expenditures for expert services for Ms. Bane does not make her testimony ipso facto admissible, nor does it alleviate counsel's obligations under Fed. R. Civ. P. 26.

**IT IS THEREFORE ORDERED** that respondent's motion in limine (Dkt. # 73) is hereby **granted**.

**DATED** this 27th day of July, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT